Pamela M. Bridge, **BSN 018252**
pbridge@clsaz.org
George H. McKay, **BSN 015910**
gmckay@clsaz.org
**COMMUNITY LEGAL SERVICES**
305 South Second Avenue
Phoenix, Arizona 85003-2402
(602) 258-3434, ext. 2650
Facsimile: (602) 258-4628

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Alfaro Ortiz, individually, and behalf of minor, A.C.H., Ruby Alfaro Bermudez, Catalina Bermudez de Alfaro, Victor Manuel Rodriguez,<br><br>Plaintiffs,<br><br>vs.<br><br>Rocky Mountain Mushroom, LLC and Alejandro Santana,<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**<br><br>(Jury Trial Requested) |

## PRELIMINARY STATEMENT

1. This is a civil action for damages and declaratory relief brought by five migrant farmworkers from Arizona against an agricultural employer and its farm labor contractor to vindicate rights afforded them by the Agricultural Workers Protection Act (AWPA), 29 U.S.C. § 1801 *et seq*.; the Fair Labor Standards Ac (FLSA), 29 U.S.C. § 206 *et seq*.; Wyoming wage law, W.S. § 27-4-104; and for common law breach of contract.

2. Plaintiffs are low income farmworkers who were recruited in Yuma County, Arizona to harvest mushrooms in Wyoming for Defendants and were employed and housed in Wyoming by Defendants from the end of November 2011 through January 2012. Defendants failed to pay the promised wages, housed Plaintiffs in a substandard trailer that lacked heat,

completely failed to pay minor A.C.H., who was fifteen years old and a minor at the time in violation of the AWPA, the FLSA and Wyoming wage laws. Defendants further violated obligations under federal and state employment laws by failing to provide written disclosures when the Plaintiffs were recruited, providing verbal false and misleading information and violating several aspects of the parties' working arrangement, among other violations under the AWPA.

## JURISDICTION

3. This Court has subject matter jurisdiction based on federal question pursuant to 28 U.S.C. § 1331, since the action arises under the laws of the United States and 29 U.S.C. § 1854 covering claims arising under the AWPA and 29 U.S.C. § 216(a) covering claims arising under the FLSA.

4. This Court has pendant jurisdiction over the Wyoming wage claims and breach of contract claims under 28 U.S.C. § 1367, since these claims are so related to the federal claims that they are part of the same case and controversy under Article III of the U.S. Constitution.

5. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

6. Plaintiffs Juan Alfaro Ortiz, individually and on behalf of minor A.C.H., Ruby Alfaro Bermudez, Catalina Bermudez de Alfaro and Victor Manuel Hernandez are farmworkers who have their permanent place of residence in and around Yuma County, Arizona.

7. Defendant Rocky Mountain Mushroom LLC (hereinafter "Rocky Mountain Mushroom") was incorporated and is in the business of growing, harvesting and selling mushrooms in Wyoming. Its principal office is located in Riverton, Wyoming.

8. Rocky Mountain Mushroom does business in Arizona in that Rocky Mountain recruited and hired workers in Arizona in 2011.

9. Defendant Alejandro Santana (hereinafter "Santana") did business in Arizona and Wyoming in 2011/2012. During the relevant time, Santana was acting as Rocky Mountain's agent for the recruitment, hiring, employment, and housing of part of the migrant agricultural labor for Rocky Mountain's operations in Wyoming.

**STATEMENT OF FACTS**

10. At all times relevant to this action, Defendants employed Plaintiffs to work in the mushroom harvest.

11. At all times relevant to this action, Plaintiffs were migrant agricultural workers within the meaning of the AWPA, 29 U.S.C. § 1802(8) and/or individuals entitled to the AWPA migrant protections.

12. At all times relevant to this action, minor A.C.H. was fifteen years old and is the daughter of Plaintiff Juan Alfaro Ortiz.

13. Rocky Mountain Mushroom authorized Santana to recruit, solicit, hire, employ and/or furnish migrant agricultural workers in 2011 and 2012 for agricultural employment in Wyoming.

14. In 2011 and 2012, Santana was authorized by Rocky Mountain Mushroom to house and transport or cause to be transported Rocky Mountain's agricultural employees.

15. Acting on behalf of Rocky Mountain Mushroom, Santana recruited Plaintiffs in November 2011 in their home state of Arizona to perform agricultural work in Wyoming.

16. In November 2011, in Yuma County, Arizona, Santana provided information to Plaintiffs concerning the terms, conditions, availability and existence of 2011 and 2012 agricultural employment in Wyoming for Rocky Mountain Mushroom.

17. Santana promised the Plaintiffs certain wages for harvesting mushrooms, reimbursement for transportation costs and free housing in Wyoming.

18. Santana verbally provided false and misleading information regarding the terms and conditions of Plaintiffs' employment.

19. Based upon the above representations, Plaintiffs entered into a working arrangement with Defendants in November 2011.

20. At the time Plaintiffs were recruited, Defendants failed to disclose in writing the terms and conditions of employment.

21. Plaintiffs were at all times ready and willing to comply with the terms of the working arrangement, and did in fact comply with the terms of the working arrangement.

22. Defendants, without justification, breached the terms of the working arrangement with Plaintiffs.

23. Once Plaintiffs arrived in Wyoming, representatives from Rocky Mountain Mushroom also promised certain wages and false and misleading information regarding the terms and conditions of Plaintiffs' employment.

24. Plaintiffs justifiably relied upon the employment representations made by the Defendants in Arizona and Wyoming.

25. The employment offered by the Defendants and accepted by Plaintiffs required Plaintiffs to be absent overnight from their permanent residences.

26. Plaintiffs were housed by Defendants in a trailer during the duration of their employment with Defendants.

27. Defendants controlled the housing provided to Plaintiffs during their employment.

28. The housing provided by Defendants was not adequately furnished to meet the needs of Plaintiffs. Plaintiffs were not provided with beds or mattresses.

29. The housing provided by Defendants to Plaintiffs was unsafe, substandard, crowded and violated several state and federal housing health and safety requirements.

30. The housing provided by Defendants failed to have adequate heat, had broken doors and windows, and did not have a first aid kit.

31. Defendants failed to post at the housing certification that the housing complied with applicable federal and state health and safety standards.

32. Defendants failed to post in a conspicuous place or present to each Plaintiff a statement of the terms and conditions of occupancy of housing.

33. Defendants did not pay wages to Plaintiffs for the amounts due.

34. Although minor A.C.H. worked for Defendants, Defendants failed to pay her any wages.

35. Defendants knew they were obligated to pay minor A.C.H. minimum wage, yet they willfully refused to do so.

36. Although Defendants promised Plaintiffs that Plaintiffs would be reimbursed for

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● FARMWORKER PROGRAM
305 South Second Avenue ● P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 ● FAX (602) 258-4628 ● TDD (602) 254-9852

transportation costs to and from Wyoming, Defendants failed to do so.

37.     Although Defendants promised Plaintiffs free housing, rent was deducted from Plaintiffs' pay checks.

38.     Defendants failed to provide each worker with an itemized pay statement showing all accurate information required to be maintained.

39.     At all times relevant to this action, Santana acted as an agent of Rocky Mountain Mushroom.

40.     At all times relevant to this action, Santana acted within the scope of his authorized duties.

41.     At all times relevant to this action, Plaintiffs were employed by both Defendants.

42.     During the course of their employment, Plaintiffs harvested mushrooms which were produced for movement in interstate commerce, or for incorporation as ingredients in products anticipated to move in interstate commerce.

43.     As a result of the actions of the Defendants described above, Plaintiffs suffered substantial damages.

44.     All of the actions and omissions set forth in the preceding paragraphs were undertaken by Defendants either directly or through their agents.

## FIRST CAUSE OF ACTION

### (AGRICULTURAL WORKERS PROTECTION ACT, 29 U.S.C. § 1801 *et seq.*)

### (For all Plaintiffs)

45.     Plaintiffs allege and incorporate by reference paragraphs 1 to 44.

46.     Defendants intentionally violated Plaintiffs' rights under the AWPA by:

(a)     failing to disclose in writing the terms and conditions of employment at the time Plaintiffs were recruited, in violation of 29 U.S.C. § 1821(a);

(b)     failing to pay wages when due as required by 29 U.S.C. 1832(a);

( c)    providing false and misleading information regarding the terms and conditions of Plaintiffs' employment in violation of 28 U.S.C. § 1821(f);

(d)     violating the terms of the working arrangement made with the Plaintiffs, in violation of 28 U.S.C. § 1822(d);

(e)     failing to ensure the housing complied with applicable federal and state health

and safety standards, in violation of 29 U.S.C. § 1823(a);

(f) failing to obtain and post certification from an appropriate authority that the housing complied wit applicable substantive federal and state health and safety standards in violation of 29 U.S.C. § 1823(b);

(g) failing to post in a conspicuous place or present to each Plaintiff a statement of the terms and conditions of occupancy of housing in violation of 29 U.S.C. § 1842; and

(h) failing to provide each worker with an itemized pay statement showing all accurate information required to be maintained in violation of 29 § U.S.C. §§ 1821 (d)(2) and 1831.

47. For each violation of the AWPA, each Plaintiff so affected is entitled to receive the greater of his or her actual damages or up to $500.00 per violation in statutory damages pursuant to 29 U.S.C. § 1854( c).

## SECOND CAUSE Of ACTION

### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 206 *et seq*.)

### (For Plaintiff Juan Alfaro Oriz, on behalf of minor A.C.H.)

48. Plaintiffs allege and incorporate by reference the allegations set forth in paragraphs 1 to 47.

49. Defendants willfully violated the FLSA by failing to pay minimum wage of $7.25 per hour to minor A.C.H.

50. As a consequence of Defendants' violation of minor A.C.H.'s rights under the FLSA, A.C.H. is entitled to minimum wage for her hours worked, in addition to an equal amount of liquidated damages.

## THIRD CAUSE OF ACTION

### (FAILURE TO PAY WAGES DUE UNDER WYOMING LAW, W.S. § 27-4-104)

### (For all Plaintiffs)

51. Plaintiffs allege and incorporate by reference the allegations set forth in paragraphs 1 to 50.

52. At the end of the employment relationship, all wages due and owing are to be paid to the employee within five days pursuant to W.S. § 27-4-104(a).

53. Defendants violated this statute by failing to pay all wages due and owing within the

1  required time period.

2  54.  As a result of Defendants' failure to pay wages due to Plaintiffs, Plaintiffs are entitled to their due wages and interest in the amount of eighteen (18) percent per annum from the date of Plaintiffs' termination pursuant to W.S. § 27-4-104(b)

## FOURTH CAUSE OF ACTION

## (BREACH OF CONTRACT)

## (For all Plaintiffs)

55.  Plaintiffs allege and incorporate by reference paragraphs 1 to 54.

56.  Defendants entered into employment contracts with the Plaintiffs under the terms described herein.

57.  Defendants breached the contracts of employment into which they entered with the Plaintiffs by failing to comply with the promised terms and conditions of employment.

58.  As a direct consequence of Defendants' breach of employment contract, Plaintiffs suffered substantial injury.

59.  Defendants are therefore liable to Plaintiffs for actual, incidental and consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant them the following relief:

a.  Declare that Defendants intentionally violated Plaintiffs' rights under the AWPA; and

b.  Award each Plaintiff the greater of his or her actual damages or statutory damages of $500.00 for each violation of the AWPA; and

c.  Declare that Defendant willfully violated minor A.C.H.'s rights under the FLSA; and

d.  Award Plaintiff Juan Alfaro Ortiz on behalf of minor A.C.H. the unpaid minimum wage for all hours worked by A.C.H. in addition to an equal amount in liquidated damages pursuant to the FLSA; and

e.  Declare that Defendants breached Plaintiffs' rights under the Wyoming Statute, W.S. § 27-4 104(a); and

f.  Award each Plaintiff his or amount of wages due and interest at the rate of eighteen (18) percent per annum from the date of their termination from employment pursuant to W.S. § 27-4-104(b); and

g. Declare that Defendants breached their contracts with Plaintiffs; and

h. Award each Plaintiff his or her actual, incidental and consequential damages resulting from that breach; and

I. Award Plaintiffs' attorney fees and costs; and

j. Award Plaintiffs pre and post judgment interest; and

k. Award Plaintiffs the costs of court; and

l. Award Plaintiffs such other relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 30th day of November, 2012.

Community Legal Services


*/S/Pamela M. Bridge*
Pamela M. Bridge
Attorney for Plaintiffs